IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DARREN JOSEPH ANDERSON,** | § | |
| **Petitioner** | § | |
| | § | |
| **VS.** | § | **C.A. NO. C-04-487** |
| | § | |
| **JOE D. DRIVER, WARDEN,** | § | |
| **Respondent** | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is

incarcerated at the Federal Corrections Institution-Low in Beaumont, Texas ("FCC-Low,

Beaumont").  At the time he filed his application for habeas corpus relief, he was incarcerated at

the Federal Corrections Institution ("FCI") in Three Rivers, Texas (D.E. 1).  Proceeding *pro se*,

petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on September 24, 2004,

arguing that the respondent has not considered his request that he be granted credit toward his

federal sentence for time spent in state custody and also that he has been denied equal protection

insofar as other inmates in circumstances identical to his have been granted credit toward their

sentences (D.E. 1, p. 2).  Respondent filed a motion to dismiss on April 8, 2004 (D.E. 13, 14, 15,

18) to which petitioner responded on April 20, 2004 (D.E. 16).

## BACKGROUND

Petitioner was sentenced in state court in Jefferson County, Texas on May 14, 1990 to three

separate 25-year terms of imprisonment following convictions on burglary and theft charges in

cause numbers 53348, 53603 and 53810 (Decl. of Forrest B. Kelly, D.E. 14, p. 2 and Att. 1).

Petitioner was released on parole on May 7, 1992 (Id.).  On October 13, 1994, while still on

parole, petitioner was arrested by state authorities in Jefferson County and charged with

possession of a controlled substance.  At the time he was arrested, petitioner was in possession of

a firearm, and subsequently was charged with the federal offense of being a felon in possession of

a firearm and possession of a firearm during and in relation to a drug trafficking crime (Kelly

Decl., D.E. 14, p. 2; Att. 4).

On April 12, 1995 petitioner was transferred to federal custody, pursuant to a writ of

*habeas corpus ad prosequendum,* for prosecution on the federal offenses (Kelly Decl., D.E. 14, p.

2; Att. 3).  Petitioner pleaded guilty in the United States District Court for the Eastern District of

Texas in Cause Number 1:95CR00026-001 and was sentenced to 188 months on one count and 60

months on another count with the sentences to run consecutively for a total of 248 months (Kelly

Decl., D.E. 14, Att. 4).  In addition, the judgment specified the following:

> This federal sentence will run consecutive to any undischarged term of imprisonment for
> unrelated state or federal charges as provided in USSG 5G1.3(c), and specifically as it
> relates to the causes of action pending in state district court and identified in state court as
> Cause Nos. 46649, 50307, 50308, 05309, 50319, 53348, 53603 and 53810.

(Id.).

Petitioner was returned to state custody on October 27, 1995 and, after pleading guilty,

was sentenced to five years imprisonment for the possession of a controlled substance offense in

state court in Jefferson County on November 15, 1995 in cause number 68403 (Kelly Decl., D.E.

14, Atts. 3, 5).  The five-year sentence was to run concurrently with his parole violator terms.

Petitioner's sentence commenced on the day he was arrested, October 13, 1994 (Kelly Decl., D.E.

14, Atts. 5, 6; D.E. 1, Ex. A, Part 10).

Petitioner's parole relating to his 1990 offenses was revoked but he was given credit

toward those sentence from October 13, 1994 (Kelly Decl., p. 3, Atts. 6 and 7).  Petitioner was

released to parole on his state court sentences on September 7, 2000 and he was delivered into

federal custody on that date (Kelly Decl., D.E. 14,  Atts. 8, 9).  His federal sentences are computed

using September 7, 2000 as the start date (Kelly Decl., D.E. 14, Att. 14).

On January 9, 2004 petitioner filed a request for an informal resolution or administrative

remedy, where he asked to have the BOP consider his request to give him credit on his federal

sentence for the time he spent in state custody (D.E. 1, Brief, Ex. A, Part 8).  R. Luna responded

that because of his conviction, his request for *nunc pro tunc* relief was not authorized (Id.).

Petitioner filed a request for administrative remedy on January 10, 2004, seeking credit for the

time he spent in the custody of the federal marshals pending his federal conviction (D.E. 1, Brief,

Ex. A, Part 9).  Warden Perez denied petitioner's request on January 22, 2004, noting that

petitioner had received credit toward his state sentence from October 13, 1994 (Id.).

On January 30, 2004 petitioner filed a regional administrative appeal seeking the same

relief.  His appeal was denied on March 31, 2004 by the regional director, who stated that

petitioner's case had been reviewed and it was determined that commencement of his federal

sentence by way of a concurrent designation would not be consistent with the goals of the criminal

justice system (D.E. 1, Ex. A, Part 10).

On April 16, 2004 petitioner appealed to the BOP Administrative Remedy Section and he

received a reply from the administrator of national inmate appeals, who told him that the BOP

would not allow a concurrent designation if the sentencing court had already made a determination

regarding the order of service for sentences to run.  In petitioner's case, the court had ordered his

federal sentence to run consecutively to any undischarged term of imprisonment for unrelated state

or federal charges, and the BOP computed his sentence accordingly (D.E. 1, Ex. A, Part 11).

In his motion to dismiss, respondent argues that petitioner's sentence is being calculated

correctly.  Petitioner argues that he should be given credit toward his federal sentence for the time

he spent incarcerated on his state sentence.  Respondent concedes that petitioner exhausted his

administrative remedies.

## APPLICABLE LAW

### A.  Jurisdiction and Venue

Petitioner was incarcerated at FCI Three Rivers at the time he filed his petition in

September 2004 and was transferred FCC Beaumont-Low in January 2005.  Respondent argues

that because petitioner is now incarcerated in a facility located in the Eastern District of Texas, his

case should be dismissed, or, in the alternative, transferred to the Eastern District.  The district of

incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition.

Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001).  Jurisdiction over a petition for a writ of habeas

corpus is determined when the petition is filed.  Barden v. Keohane, 921 F.2d 476, 477, n. 1 (3rd

Cir. 1990).  At the time he filed his application, petitioner was incarcerated within the Southern

District of Texas in the Corpus Christi division.  Accordingly, this court retains jurisdiction.  Joe

Driver became warden at FCI-Three Rivers shortly after petitioner filed his application for habeas

relief and is substituted as respondent, pursuant to FED. R. CIV. PRO. 25(d).

### B. Sentence Computation

A district court is without authority to give an inmate credit for time already served or to

otherwise administer his sentence.  Rather, that authority lies with the U.S. Attorney General and is

delegated to the BOP.  United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355, 117

L.Ed.2d 593 (1992).  Authority to give credit toward a sentence is found at 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time
> he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or

4

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

The time petitioner seeks in this case has been credited toward his state sentence and under the plain language of the statute he is not entitled to have it credited to the federal sentence. Moreover, the federal district court issued an explicit order that petitioner's federal sentence was to run consecutively to his 1990 state court sentences.

Petitioner argues that the BOP decision to not give him credit for the time served on his state court sentence is not fair because he knows of another BOP inmate whose circumstances are identical to his and who received credit toward his federal sentence for time spent in state custody. Petitioner attached a copy of a response from the regional director to inmate George Davis, who apparently sought the same relief as petitioner (D.E. 16, Ex. B).

In the response, the regional director stated that he considered the available information consistent with 18 U.S.C. § 3621 along with the guidance provided in Program Statement 5160.05 and found that commencement of Davis' federal sentence by way of a concurrent designation was appropriate and his sentence was adjusted accordingly (D.E. 16, Ex. B).

In petitioner's case, the regional director noted that the court had ordered the federal sentence to be served consecutively to the parole revocations on the state sentence, a consideration that was absent in Davis' case.  The regional director also stated that he considered the available information regarding petitioner's case and concluded that commencement of his federal sentence by way of a concurrent designation was not consistent with the goals of the criminal justice system (D.E. 1, Ex. A, Part 10).

The record is clear that the BOP considered petitioner's request that his federal sentence be credited with the time he spent in state custody and that the BOP considered the federal judge's

specific order that the sentences be served consecutively.  In addition, the record shows that the time he spent in state custody was credited to his state court sentences.  Accordingly, petitioner's request for habeas corpus relief should be denied.

## RECOMMENDATION

Based on the foregoing, it is recommended that respondent's motion to dismiss (D.E. 14) be granted and petitioner's cause of action for habeas corpus relief be dismissed.

Respectfully submitted  this 12th day of July, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).